FIRST NATIONAL BANK OF GREENWOOD v. RAILSBACK BROTHERS & SPELTS.

FILED MARCH 8, 1899. No. 8784.

Action Against Bank for Failure to Honor Check: DAMAGES: EVIDENCE. Proof by the drawer of a check that when such check was presented the drawer had with the drawee subject to check a sufficient deposit wherewith to pay such check, and that, subsequently, the drawer was compelled to pay the amount of the check to the holder thereof because the drawee unwarrantedly refused payment thereof, is sufficient proof to sustain a judgment for damages to the amount of the payment so made by the drawer and such other damages as are alleged and proved.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Affirmed.*

*A. N. Sullivan,* for plaintiff in error.

*Byron Clark* and *C. A. Rawls, contra.*

RYAN, C.

This action was brought in the county court of Cass county by G. J. Railsback and others doing a grain busi-

ness at Greenwood as a partnership firm under the name and style of Railsback Bros. & Spelts. By appeal the case came into the district court of that county, wherein, upon a trial had without a jury, there was a finding and judgment in favor of the above described plaintiffs. On February 6, 1894, the firm of Railsback Bros. & Spelts was a depositor in the First National Bank of Greenwood, and on that day drew its check, payable to Sam Atkinson or order, for the sum of $480. This check was transferred by indorsement to A. C. Loder, by whom it was presented to the bank for payment, which was refused. Shortly afterward the bank was garnished as a supposed debtor of Atkinson, and upon its answer as such garnishee was required to pay the said sum of $480, which it did in the garnishment suit of Welton against Atkinson. Loder, after the bank had refused to pay the check, brought suit for the amount thereof against the firm of Railsback Bros. & Spelts, and a judgment having been recovered as prayed, said firm paid it, and brought this action for the amount of its said payment and for damages occasioned by the refusal of the bank to honor the check above referred to. The uncontradicted testimony of Loder was that he purchased the check from the payee, Atkinson, in the evening of the day of its issue. On the following morning he presented it for payment, which was refused by A. D. Welton, acting as teller for the bank, who testified that the reason for dishonoring this check was that, when presented, its drawer had on deposit but $125. He admitted, however, that before the presentation of this check there had been deposited by Railsback Bros. & Spelts two checks drawn by that firm on the Columbia National Bank of Lincoln, each of which was for $500; that he gave the firm credit for that amount and afterwards sent to it a deposit slip showing that amount had been placed to the credit of the firm. He further testified that he had been with the bank for four and one-half or five years and that during this time Railsback Bros. & Spelts always received credits for checks on the Columbia

National Bank as ordinary deposits in its business; that he had been to Plattsmouth the night previous to the date of the check and had procured the institution of a suit by his grandfather against Atkinson; that when the check was presented he was expecting the appearance of an officer to garnish the bank, and refused to cash the check because he meant to hold the money until service of the garnishment could be made, and took advantage of the fact of the deposit being in checks to treat them as though deposited for collection. The answer of the bank as garnishee was made by this witness, who said that it was the opinion of the officers of the bank that the transfer of the check by the payee to Loder was fraudulent. It is very evident from this and other evidence concerning this transaction that the district court was justified in concluding that there were sufficient funds of Railsback Bros. & Spelts to pay their check when it was presented, but that payment was refused under a false pretense merely that Mr. Welton might compel the application on his granfather's claim of the amount by the check required to be paid to Atkinson or his order. This course of dealing the bank resorted to at its peril. By the evidence it was satisfactorily shown that Loder was the holder of the check in good faith, and that he had compelled the drawer to pay it to him. There was a claim in the answer that the action of Loder against Railsback Bros. & Spelts was collusive, but we have found no evidence to support that claim. It was also pleaded in the answer that the bank had offered to defend against Loder's action, but that this offer was refused except upon unreasonable conditions. We find in the record a written offer to defend, which, it was testified, had been seasonably made to Railsback Bros. & Spelts, but we find no evidence of the refusal to permit a defense to be made, neither do we find an assent so unreasonably conditioned that it was tantamount to such a refusal. With reference to the notice above referred to the only evidence was that of the bookkeeper of the

bank, Mr. Welton, who testified that he served on Rails-back Bros. & Spelts a written notice whereby the bank requested said firm's permission to control the case of Loder against the firm aforesaid by the selection of counsel and the calling of witnesses, and an offer to assume responsibility for results if its demand was complied with. Mr. Weston testified that he did not know of any acceptance of this proposition, but that the firm served a notice on him in the matter, in which notice there was a proposition to allow the bank to defend. At this point in his testimony there was an objection sustained that the notice being in writing, no oral evidence was admissible. The witness had not the notice with him and it was never produced. This testimony is not very satisfactory, but it discloses the facts that the bank had notice of the pendency of the action of Loder against Railsback Bros. & Spelts in time to defend; that the bank was notified to defend, and that it never did defend. As there was no proof of collusion or any unfairness, and as there is suggested in this case no defense which the bank would have interposed had it attempted to defend against the claim of Loder, we are not at liberty to assume that the court improperly rendered judgment against Railsback Bros. & Spelts. The facts disclosed by the evidence in this case warrant the conclusion that the bank, without justification, withheld payment of the check held by Loder, and that Loder was entitled to a judgment for the amount of such check against the drawer thereof.

It is, however, insisted that the court improperly assessed damages against the bank for the withholding of payment of the check when no special damages had been proved. Facts showing that damages had been sustained were properly pleaded, and we think from what we have already said that it was shown that the bank unwarrantedly refused to perform a duty which it owed to the drawer of the check. There was no way in which special damages could be proved, but the case falls within the rule laid down in *Bank of Commerce v. Goos*, 39 Neb. 437,

with reference to general damages. The judgment of the district court is

AFFIRMED.